IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:08cr225

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>vs. )<br>)<br>)<br>IVAN HRCKA )<br>) | ORDER |

**THIS MATTER** is before the Court upon motion of the defendant for a bill of particulars, additional discovery, or dismissal (Doc. No. 8), and the government's response (Doc. No. 10).

I.    BACKGROUND

The defendant was arrested based on a complaint charging a violation 18 U.S.C. §§ 1001 and 1546(a) for alleged false statements in relation to immigration applications. (Doc. No. 1). A preliminary examination was held on October 20, 2008, during which the government failed to produce the applications containing the alleged false statements.[1] Consequently, the magistrate judge found no probable cause for the charged offenses, but did find probable cause for two other offenses, 8 U.S.C. §§ 1324c (immigration document fraud) and 1325(a) (illegal entry). The grand jury initially charged the defendant with one § 1546(a) violation, (Doc. No. 3), then superseded the indictment to add a second § 1546(a) violation (Count Two) and a § 1001 violation (Count Three), (Doc. No. 6). The instant motion followed.

---

[1] This hearing has not been transcribed, but the Court has reviewed an audio recording of the hearing.

II.     DISCUSSION

   A.     Bill of Particulars

Where an indictment does not provide enough information to prepare a defense, a bill of particulars may be appropriate. United States v. American Waste Fibers Co., Inc., 809 F.2d 1044, 1047 (4th Cir. 1987). However, such details may also be provided through discovery. United States v. Previti, 644 F.2d 318, 319 (4th Cir. 1981); United States v. Allen's Moving and Storage, Inc., No. 90-5824, 936 F.2d 567, at *5 (4th Cir. 1991) (unpublished). Here, the defendant seeks to be informed of the conduct, document, or statement at issue in each of the counts. (Doc. No. 8: Motion at ¶ 9). The government's response provides those details. (Doc. No. 10: Response at 1-2). Additionally, the government asserts that it has provided complete discovery to the defendant and invites counsel for the defendant to contact investigating agents if he has additional questions. (Id. at 2). Accordingly, the Court finds that a bill of particulars is not necessary; therefore, the defendant's motion will be denied.

   B.     Additional Discovery

The defendant speculates that the government possesses more information than provided to the defendant because the grand jury found probable cause for charges which the magistrate judge did not. (Doc. No. 8: Motion at ¶ 6). However, it is clear from the recording of the hearing that the magistrate judge's ruling resulted from the government's failure to bring necessary documents to court. The defendant has provided no reasonable basis to doubt the government's claim that it has now provided those documents and other information to the defendant, (Doc. No. 10: Response at 2). Therefore, the motion to compel additional discovery will be denied.

C.  Dismissal

Finally, the defendant seeks dismissal of the indictment for lack of probable cause and prosecutorial misconduct before the grand jury. (Doc. No. 8: Motion at ¶ 9). The motion to dismiss for lack of probable cause is without support in law, as it is the constitutional prerogative of the grand jury to determine whether there is an adequate basis for a charge. U.S. Const. amend. V; United States v. Mills, 995 F.2d 480, 486-87 (4th Cir. 1993) (courts lack authority to review sufficiency of evidence in indicted case). The motion to dismiss for prosecutorial misconduct is without support in fact. Indeed it is alleged that the defendant admitted that he knowingly presented his Slovakian passport with a false entry stamp in support of his application to change immigration status. (Doc. No. 1: Affidavit at ¶ 7). Therefore, the motion to dismiss will be denied.

**IT IS, THEREFORE, ORDERED** that the defendant's motion for a bill of particulars, additional discovery, or dismissal (Doc. No. 8) is DENIED.

The Clerk is directed to certify copies of this order to the defendant, counsel for the defendant, and to the United States Attorney.

Signed: December 11, 2008

Robert J. Conrad, Jr.
Chief United States District Judge